1  Rufus L. Cole, Esq. (SB# 60843)
   COLE & FASANO
2  720 Market Street, 10th Floor
   San Francisco, California 94102-2500
3  Telephone: [415] 956-8800
   Facsimile: [415] 956-8811
4
   Attorneys for Plaintiff
5  DONNA PRATT

*FILED*

08 JUL 25 PM 3: 51

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**RS**

12  DONNA PRATT,                    CV  **08**  No.    **3588**

13          Plaintiffs,

14     vs.                          **COMPLAINT FOR MONETARY,
                                     DECLARATORY, AND INJUNCTIVE
15  ARCHSTONE WILLOW GLEN           RELIEF; DEMAND FOR JURY
    APARTMENTS, TISHMAN SPEYER      TRIAL
16  ARCHSTONE-SMITH, CATHY
    BUTCHER, ORKIN PEST CONTROL,
17  ORKIN EXTERMINATING COMPANY,
    INC.,
18
            Defendants.
19

20

21                        **I.  INTRODUCTION**

22     In this action, Plaintiff DONNA PRATT (hereafter "Plaintiff" or "PRATT"), an

    individual with serious physical disabilities, seeks injunctive, declaratory and monetary relief

23  against Defendants ARCHSTONE WILLOW GLEN APARTMENTS (hereafter

24  "ARCHSTONE") located at 3200 Rubino Drive, San Jose, California, its owners and operators

25  TISHMAN SPEYER ARCHSTONE-SMITH (hereafter "TISHMAN") and its property manager

26  CATHY BUTCHER (hereafter "BUTCHER"), for failing to make a reasonable accommodation

27                                        1

28  ─────────────────────────────────────────────────────────
    COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY
    TRIAL

**ORIGINAL**

1  in their policies and practices regarding Plaintiff's disability conditions, in violation of federal

2  and state fair housing laws.  Plaintiff also seeks damages from Defendants ORKIN PEST

3  CONTROL and ORKIN EXTERMINATING COMPANY, INC.(hereafter, jointly referred to as

4  "ORKIN") for their use of pesticides in an unlawful manner in violation of state and federal

5  laws governing pesticide use and application.

6  ## II. JURISDICTION

7      1.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the

8  claims alleged herein arise under the laws of the United States.  This court has supplemental

9  jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine the Plaintiffs' state law claims

10  because those claims are related to Plaintiffs' federal law claims and arise out of a common

11  nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims

12  such that those claims form part of the same case or controversy under Article III of the United

13  States Constitution.

14  ## III. INTRADISTRICT ASSIGNMENT

15      2.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §139

16  1(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern

17  District of California.

18      3.    Intradistrict assignment in San Jose is proper since the unlawful conduct

19  that gives rise to these claims occurred in Santa Clara County.

20  ## IV. PARTIES

21      4.    Plaintiff DONNA PRATT is 62 years old who, at all times relevant hereto,

22  resided with her disabled adult son at the ARCHSTONE WILLOW GLEN APARTMENTS

23  located at 3200 Rubino Drive, San Jose, California.  Ms. PRATT suffers from physical

24  disabilities, including lupus (a disease that effects various parts of the body, especially the skin,

25  joints, blood, and kidneys) and fybromyalgia.  As such, Ms. PRATT is a handicapped person

26

27

28

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY
TRIAL

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

1  within the meaning of the federal Fair Housing Amendments Act of 1988, 42 17 U.S.C.

2  §3602(h), and the California Fair Employment and Housing Act, 18 Cal. Gov't Code §12955.3.

3      5.    Defendant ARCHSTONE WILLOW GLEN APARTMENTS (hereafter

4  "ARCHSTONE") is a residential apartment complex and business establishment located at 3200

5  Rubino Drive, San Jose, California.  Defendants is engaged  in the business of renting apartment

6  units to members of the public.  At all times relevant hereto, Ms. PRATT and her adult son were

7  residents of ARCHSTONE pursuant to a written lease agreement.

8      6.    Defendant TISHMAN SPEYER ARCHSTONE-SMITH (hereafter "TISHMAN")

9  is the owner and operator of the ARCHSTONE.

10     7.    At all times relevant hereto, Defendant CATHY BUTCHER (hereafter

11  "BUTCHER"), is and was the resident manager of ARCHSTONE and engaged in the rental of

12  apartment units at said apartment complex.  Defendant BUTCHER is and was at all times

13  relevant hereto an officer and/or agent and/or employee of Defendants ARCHSTONE and

14  TISHMAN.  In doing the things herein alleged, said Defendant was acting within the scope and

15  course of such agency and/or employment, and with the knowledge, permission, and

16  authorization of the acts complained of herein.

17     8.    At all times relevant hereto, Defendant ORKIN PEST CONTROL was a

18  commercial and residential pest control company with its principal place of business in the City

19  of San Jose, Santa Clara County, California and owned and operated by Defendant ORKIN

20  EXTERMINATING COMPANY, INC., a Delaware Corporation doing business in the State of

21  California.  Defendants ORKIN PEST CONTROL and ORKIN EXTERMINATING

22  COMPANY, INC. (hereafter, jointly referred to as "ORKIN") together applied pesticides in

23  Plaintiff's residence in a manner that is unlawful and in violation of state and federal laws.

24     9.    At all times relevant herein, Defendants were the agents, servants and employees

25  of each other; each Defendant was acting within the scope of such agency or employment in

26

27

28

3

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY
TRIAL

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

1  doing the things herein alleged; or the alleged acts or omissions of each Defendant as agent were

2  subsequently ratified and adopted by each other.

3  ## V. FACTS

4      10.    On or about October 5, 2005, Plaintiff DONNA PRATT and her adult son became

5  residents of ARCHSTONE pursuant to a one year written lease agreement. In exchange for

6  Plaintiff's payment of the monthly rental amount of $1,685, Plaintiff and her adult son were

7  entitled to possess an unfurnished townhouse apartment unit. Prior to taking possession of her

8  unit, Plaintiff was assured that the unit was clean, well maintained and kept free of pest and

9  rodents.

10      11.    Subsequent to moving into ARCHSTONE, Plaintiff learned for the first time that

11  the apartment complex had problems with ants. The ant problem became increasingly severe

12  and, as a consequence, Plaintiff is informed and believes and therefore alleges, Defendants

13  BUTCHER and ARCHSTONE contacted ORKIN to apply pesticides to destroy the ants.

14      12.    Upon learning that Defendants, and each of them, intended to apply pesticides

15  inside her apartment, Plaintiff advised Defendant BUTCHER that she and her son were both

16  disabled, sensitive to most pesticides and the fumes they create and requested a reasonable

17  accommodation including limiting the type of pesticides to be used and providing Plaintiff with a

18  list of the specific pesticides intended to used by Defendants. This accommodation was refused.

19      13.    On or about July 31, 2006, Plaintiff and her son were forced to temporarily moved

20  from Plaintiff's apartment for a three day period to permit Defendants to apply pesticides. Prior

21  to said move, Plaintiff request for a list of pesticides which were to be applied inside her

22  apartment was denied. In its place, Defendants BUTCHER and ORKIN represented that the

23  chemicals and pesticides to be used were safe, appropriate and lawful for their intended purpose.

24  Said representation was false. In fact, the chemicals and pesticides applied by Defendants were

25  not safe for use indoors and violated both the recommended use, as specified by the

26  manufacturers, and federal and state regulations and guidelines.

27

28

4

Cole & Fasano
720 Market Street
16th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY
TRIAL

14.     Plaintiff is informed and believes, and on that basis alleges, that on occasions prior to July 31, 2006, without Plaintiff's knowledge, permission or consent, Defendants entered her apartment and applied chemicals and pesticides in an effort to control ants or other insects. Such entry or entries was in violation of Plaintiff's rights as a tenant of Defendant ARCHSTONE and TISHMAN.

## VI. INJURIES

15.     Shortly after Plaintiff's return to her apartment on or about August 2, 2006, she began experiencing unusual symptoms including, but not limited to, head pain and pain in the spine, tingling of the skin, memory loss, weakness in limbs.   Plaintiff is informed and believes, and on that basis alleges that these symptoms are as a consequence of her exposure to the chemical and pesticides unlawfully used and applied in her apartment by Defendants.

16.     In doing the acts of which Plaintiff complains, the Defendants and their agents and employees acted with oppression, fraud and malice, and with wanton and conscious disregard of the rights of the Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

17.     There now exists an actual controversy between the parties regarding the Defendants' duties under the federal and state fair housing laws. Accordingly, Plaintiff is entitled to declaratory relief.

18.     Unless enjoined, the Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' acts and their pattern or practice of discrimination against the disabled unless relief is provided by this court. Accordingly, Plaintiff is entitled to injunctive relief.

19.     By reason of Defendants' unlawful acts and practices, Ms. PRATT has suffered humiliation, mental anguish, and emotional distress, and the attendant physical injuries and conditions, as well as violation of her civil rights.

20.     Accordingly, Ms. PRATT is entitled to compensatory damages.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1                              VI. **CLAIMS**

2        **A.    FIRST CLAIM**

3              **[Fair Housing Amendments Act, 42 U.S.C. §§3601 et seq.]**

4        21.    Ms. PRATT realleges and incorporates herein by reference each and every

5   allegation contained in paragraphs 1 through 20, above.

6        22.    Defendants injured Ms. PRATT in violation of the Fair Housing Amendments Act

7   by:

8              A.    Refusing to make reasonable accommodations in rules, policies, practices,

9   or services, when such accommodations were necessary to afford handicapped persons equal

10  opportunity to use and enjoy a dwelling, in violation of 42 8 U.S.C. §3604(f)(3)(B);

11             B.    Discriminating or otherwise making unavailable dwellings because of

12  handicap, in violation of 42 U.S.C.. §3604(f)(1);

13             C.    Discriminating in the terms, conditions, and privileges of the rental of a

14  dwelling because of handicap, in violation of 42 U.S.C. §3604(0(2); and

15             D.    Interfering with any person in the exercise or enjoyment of rights

16  guaranteed by the Fair Housing Amendments Act because of handicap, in violation of 42 U.S.C.

17  §3617;

18       23.    As a proximate result of Defendants' conduct, Ms. PRATT has been damaged,

19  and continues to suffer damages, as set forth above.

20       **B.    SECOND CLAIM**

21             **[California Fair Employment and Housing Act, Cal. Gov't. Code §§12955 et**

22             **seq.]**

23       24.    Ms. PRATT realleges and incorporates herein by reference each and every

24  allegation contained in paragraphs 1 through 23.

25       25.    Defendants have injured Ms. PRATT in violation of the California Fair

26  Employment and Housing Act by:

27

28

                                          6

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY
TRIAL

1          A.      Refusing to make reasonable accommodations in rules, policies, practices,

2    or services, when such accommodations were necessary to afford disabled persons equal

3    opportunity to use and enjoy a dwelling, in violation of Cal. Gov't Code §§12927©, 12955(a);

4          B.      Discriminating or otherwise making unavailable dwellings because of

5    disability, in violation of Cal. Gov't Code §12955(a), 12955(k);

6          C.      Discriminating in the terms, conditions, and privileges of the rental of a

7    dwelling because of disability, in violation of Cal. Gov't Code §12927©, 1295 5(a); and

8          D.      Harassing, evicting, or otherwise discriminating against persons in the

9    rental of housing accommodations in retaliation for that person's opposition to practices unlawful

10   under the California Fair Employment and Housing Act, in violation of California Government

11   Code §12955(f).

12        26.     As a proximate result of Defendants' conduct, Ms. PRATT has been damaged,

13   and continues to suffer damages, as set forth above.

14   **C.      THIRD CLAIM**

15        **[California Unruh Civil Rights Act, Cal. Gov't. Code §§51 et seq.]**

16        27.     Ms. PRATT realleges and incorporates herein by reference each and every

17   allegation contained in Paragraphs 1 through 26, above.

18        28.     In undertaking the acts herein alleged, Defendants have violated Ms. PRATT's

19   right to fair housing under the Unruh Civil Rights Act, Cal. Civil Code §§51 et seq. in that

20   Defendants discriminated against Ms. PRATT based on his disabilities in the operation of the

21   property, a business establishment.

22        29.     The conduct of Defendants alleged herein constitutes a denial of full and equal

23   access to housing accommodations to Ms. PRATT within the meaning of California Civil Code

24   §§51 et seq.

25        30.     As a proximate cause of Defendants' conduct, Ms. PRATT has been damaged, as

26   set forth above. Ms. PRATT has suffered and continues to suffer damages, as alleged herein.

27

28

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1    **E.    FOURTH CLAIM**

2    **[California Civil Code §§54.l et seq.]**

3        31.    Ms. PRATT realleges and incorporates herein by reference each and every

4    allegations contained in paragraphs 1 through 30, above.

5        32.    Defendants injured Ms. PRATT by committing the following unlawful practices:

6            A.    Denying full and equal access to housing accommodations, in violation of

7    California Civil Code §54.1(b)(1); and

8            B.    Refusing to make reasonable accommodations in rules, policies, practices,

9    or services when those accommodations may be necessary to afford individuals with disabilities

10   equal opportunity to use and enjoy housing accommodations, in violation of California Civil

11   Code §54.1(b)(3)(B).

12       33.    As a proximate cause of Defendants' conduct, Ms. PRATT has been damaged,

13   and continues to suffer damages, as set forth above.

14       34.    Pursuant to California Civil Code §54.1, Ms. PRATT is entitled to statutory

15   damages, among other remedies, of up to three times his actual damages as determined by a trier

16   of fact.

17   **E.    FIFTH CLAIM**

18   **[Negligence as to Defendants ARCHSTONE and  TISHMAN]**

19       35.    Ms. PRATT realleges and incorporates herein by reference each and every

20   allegations contained in paragraphs 1 through 34, above.

21       36.    Defendants owed Ms. PRATT a duty to operate the rental premises in a manner

22   that was free from unlawful discrimination, and to hire, train, supervise, and discipline their

23   employees and each other to fulfill that duty.

24       37.    Defendants negligently violated that duty by discriminating against Ms. PRATT

25   on account of her disabilities.  The ways that Defendants violated that duty include, but are not

26   limited to, negligently failing to train their employees and each other regarding the requirements

27

28

8

Cole & Fasano
720 Market Street
16th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1  of federal and state fair housing laws, negligently failing to hire persons who were familiar with

2  the requirements of federal and state fair housing laws, negligently failing to 6 supervise

3  employees and agents regarding compliance with state and federal fair housing laws, and

4  negligently failing to discipline or terminate employees who do not comply with the federal and

5  state fair housing laws.

6      38.    As a legal result of Defendants' negligent conduct, Ms. PRATT has suffered

7  humiliation, mental anguish, and emotional distress, and the attendant's physical injuries and

8  conditions.

9      F.    SIXTH CLAIM

10         [Negligence as to Defendants ORKIN]

11     39.    Ms. PRATT realleges and incorporates herein by reference each and every

12  allegations contained in paragraphs 1 through 38, above.

13     40.    Defendants ORKIN owed Ms. PRATT a duty to avoid the unlawful use and

14  application of chemicals and  pesticides, and to hire, train, supervise, and discipline their

15  employees and each other to fulfill that duty.

16     41.    Defendants negligently violated that duty by using chemicals and pesticides in

17  Ms. PRATT"s apartment an unlawful and dangerous manner, contrary to the manufacturer's

18  labeling precautions and state and federal law, regulations and guidelines.  The ways that

19  Defendants violated that duty include, but are not limited to, negligently failing to train their

20  employees and each other regarding the requirements of federal and state laws concerning the use

21  of chemicals and pesticides, negligently failing to hire persons who were familiar with the

22  requirements of federal and state laws governing the use of chemicals and pesticides, negligently

23  failing to supervise employees and agents regarding compliance with state and federal chemical

24  and pesticide laws, and negligently failing to discipline or terminate employees who do not

25  comply with the federal and state chemical and pesticide laws.

26

27

28

9

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

42.     As a legal result of Defendants' negligent conduct, Ms. PRATT has suffered humiliation, mental anguish, and emotional distress, and the attendant's physical injuries and conditions.

**G.     SEVENTH CLAIM**

**[Fraud]**

43.     Ms. PRATT realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42, above.

44.     On or about July 31, 2006, Defendant BUTCHER denied Plaintiff's request for a list of chemicals or pesticides which were to be used in Plaintiff's apartment.  Defendant BUTCHER instead represented that the chemicals and pesticides to be used were safe, appropriate and lawful for their intended purpose.  In fact, the chemicals and pesticides applied by Defendants were not safe for use indoors and violated both the recommended use, as specified by the manufacturers, and federal and state regulations and guidelines

45.     When Defendant BUTCHER made these representations, she knew them to be false and made these representations with the intention to deceive Plaintiff and her adult son and to induce Plaintiff to temporarily vacate their residence and permit the application of unlawful chemicals and pesticides in reliance on these representation and in the manner herein alleged, or with the expectation that Plaintiff would so act.

46.     The Plaintiff, at the time these representations were made by the Defendant and at the time the Plaintiff took the actions herein alleged, was ignorant of the falsity of the Defendant's representations and believed them to be true.  In reliance on these representations, the Plaintiff was induced to and did temporarily vacate her apartment along with her adult son. Had Ms. PRATT known the actual facts, she and her son would not have taken such action.  The reliance of Ms. PRATT on Defendant BUTCHER's representations was justified as Defendant BUTCHER had denied Plaintiff's request for a list of chemicals and pesticides to be used before

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

10

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1  the spraying was to occur and the superior knowledge and experience of Defendants BUTCHER

2  and ORKIN as of the date the application was to occur.

3      47.    As a proximate result of the fraudulent conduct of the Defendants, as herein

4  alleged, Ms. PRATT and her adult son were induced to permit the unlawful application and use

5  of poisonous chemicals and pesticides in their residents and were subsequently exposed to said

6  substances, suffering the injuries herein alleged.

7      48.    The aforementioned conduct of the Defendants was an intentional

8  misrepresentation, deceit, or concealment of a material fact known to the Defendants with the

9  intention on the part of the Defendants of depriving the Plaintiff of property or legal rights or

10  otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and

11  unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of

12  exemplary and punitive damages.

13  **H.    EIGHTH CLAIM**

14          **[Negligent Misrepresentation]**

15      49.    Ms. PRATT realleges and incorporates herein by reference each and every

16  allegation contained in paragraphs 1 through 49, above.

17      50.    On or about July 31, 2006, Defendant BUTCHER denied Plaintiff's request for a

18  list of chemicals or pesticides which were to be used in Plaintiff's apartment.  Defendant

19  BUTCHER instead represented that the chemicals and pesticides to be used were safe,

20  appropriate and lawful for their intended purpose. In fact, the chemicals and pesticides applied by

21  Defendants were not safe for use indoors and violated both the recommended use, as specified by

22  the manufacturers,  and federal and state regulations and guidelines

23      51.    When Defendant BUTCHER made these representations, she had no reasonable

24  ground for believing them to be true.  Said representations were made to induce Plaintiff in the

25  manner herein alleged, or with the expectation that Plaintiff would so act.

26

27

28

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

52.   Ms. PRATT, at the time these representations were made by the Defendant and at the time the Ms. PRATT took said actions herein alleged, was ignorant of the falsity of the Defendant's representations and believed tem to be true.  In reliance on these representations, the Plaintiff was induced to and did temporarily vacate her apartment along with her adult son.  Had Ms. PRATT known the actual facts, she and her son would not have taken such action.  The reliance of Ms. PRATT on Defendant BUTCHER's representations was justified.

53.   As a proximate result of the fraudulent conduct of the Defendants, as herein alleged, Ms. PRATT and her adult son were induced to permit the unlawful application and use of poisonous chemicals and pesticides in their residents and were subsequently exposed to said substances, suffering the injuries herein alleged.

I.    **NINTH CLAIM**

      **[Trespass]**

54.   Ms. PRATT realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53, above.

55.   On or about July 31, 2006 and at certain unknown times prior to said date, Defendants, and each of them, without consent, entered the herein described apartment of which Plaintiff was the possessor, and applied chemicals and pesticides that were not safe for use indoors and violated both the recommended use, as specified by the manufacturers,  and federal and state regulations and guidelines.

56.   As a proximate result of Defendants' entry into Plaintiff's apartment and unlawful application and use of poisonous chemicals and pesticides, Plaintiff suffered discomfort, annoyance and experienced mental suffering caused by fear for her health.  Plaintiff sustained injuries t her nervous system and person, all of which injuries have caused , and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.  As a result of said mental, physical, and nervous pain and suffering, Plaintiff has suffered general damages

Cole & Fassno
720 Market Street
10ᵗʰ Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

12

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

57.     The aforementioned acts of the Defendants, and each of them, were willful, oppressive, fraudulent and malicious in that Defendants were informed that Ms. PRATT and her son were both disabled and sensitive to most pesticides and the fumes they create.  Defendant BUTCHER was requested to limit the type of pesticides to be used and to provide Ms. PRATT with a list of the specific chemicals and pesticides intended to be used by Defendants.  Defendant BUTCHER refused to provide the requested list prior to the unlawful application and use of poisonous chemicals and pesticides in violation of the manufacturers recommended use and federal and state regulations and guidelines.  Plaintiff is therefore entitled to punitive damages.

## VIII. **RELIEF**

WHEREFORE, Ms. PRATT prays for the following relief:

1.     That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. §1367;

2.     That the Court enjoin all unlawful practices complained about herein and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants regardless of disability, including providing training regarding fair housing laws for all employees and agents, and to enjoin Defendants from:

A. Refusing to make reasonable accommodations in their policies, practices, and rules for tenants' disabilities; and

B. Discriminating against tenants with disabilities in the terms and conditions of their tenancy.

3.     That the Court declare that Defendants have violated the provisions of applicable federal and state fair housing laws;

4.     That the Court award compensatory and punitive damages to Plaintiff according to proof;

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

13

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1         5.     That the Court award up to three times the amount of actual damages to Plaintiff

2    against each Defendant pursuant to California Civil Code §54.1;

3         6.     That the Court grant costs of suit, including reasonable attorney's fees; and

4         7.     That the Court grant all such other relief as the Court deems just.

5

6    DATED: July **25**, 2008                    COLE & FASANO

7

8

9    By: _____
          RUFUS L. COLE

10             Attorney for Plaintiff
          DONNA PRATT

11

12                              **JURY DEMAND**

13        Pursuant to Federal Rule of Civil Procedure 3 8(b), Plaintiffs hereby request a trial by

14   jury as to each and every claim for which they are so entitled.

15

16   DATED: July **25**, 2008                    COLE & FASANO

17

18

19   By: _____
          RUFUS L. COLE

20             Attorney for Plaintiff
          DONNA PRATT

21

22   F:\Clients Data\PRATT\PLEAD\Complaint.wpd

23

24

25

26

27

28

Cole & Fasano
720 Market Street
10th Floor
San Francisco, CA 94102-2500
Telephone: (415) 956-8800

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DONNA PRATT      08-3588RS | Archstone Willow Glen Apartments, et al. |

**(b)** County of Residence of First Listed Plaintiff  **SANTA CLARA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **SANTA CLARA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Rufus L. Cole, Cole & Fasano, 720 Market Street, 10th Floor, San Francisco, CA  94102, 415-956-8800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§3601 et seq.
Brief description of cause:
Housing discrimination - Refusal to make reasonable accommodation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE ____    DOCKET NUMBER ____

DATE
07/25/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

San Jose Venue

☐ ORIGINAL