Theresa L. Kitay (CA Bar #237311)
Attorney at Law
578 Washington Boulevard, Suite 836
Marina del Rey, CA  90292
(310) 578-9134
Fax (770) 454-0126
tkitay@kitaylaw.net
Attorney for Defendants
Archstone Willow Glen Apartments,
Tishman Speyer Archstone-Smith, and
Cathy Butcher

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DONNA PRATT,<br><br>             Plaintiff,<br><br>     vs.<br><br>ARCHSTONE WILLOW GLEN APARTMENTS, TISHMAN SPEYER ARCHSTONE-SMITH, CATHY BUTCHER, ORKIN PEST CONTROL, ORKIN EXTERMINATING COMPANY, INC.,<br><br>             Defendants. | CASE No.: CV:08-3588-RS<br><br>ANSWER OF DEFENDANTS ARCHSTONE WILLOW GLEN APARTMENTS, TISHMAN SPEYER ARCHSTONE-SMITH, and CATHY BUTCHER |

Defendants ARCHSTONE WILLOW GLEN APARTMENTS, TISHMAN SPEYER ARCHSTONE-SMITH, and CATHY BUTCHER ("defendants"), by and through their undersigned counsel, hereby answer, deny, aver, and allege in response to the plaintiff's complaint for monetary, declaratory, and injunctive relief as follows:

**I.     INTRODUCTION**

The unnumbered "Introduction" to plaintiff's complaint is a statement of plaintiff's theory of the case, and thus requires no response from these defendants.  To the extent any

1  response is required, these defendants deny the allegations. Defendants specifically deny any
2  unlawful discrimination or violation of federal and state fair housing laws.

### II. JURISDICTION

3  
4  1.  Paragraph 1 of the complaint is plaintiff's statement of the subject matter
5  jurisdiction of this Court, and as such requires no response from these defendants. To the extent
6  any such response is required, defendants admit this Court has subject matter jurisdiction over
7  this action, and deny the remaining allegations.

### III. INTRADISTRICT ASSIGNMENT

9  2.  Paragraph 2 of the complaint is plaintiff's statement of the venue for this action,
10 and as such requires no response from these defendants. To the extent any such response is
11 required, defendants admit venue in this district is correct, and deny the remaining allegations.
12 3.  Paragraph 3 of the compliant is plaintiff's statement of the intradistrict assignment
13 of this action, and as such requires no response from these defendants. To the extent any such
14 response is required, defendants do not object to assignment to this division, and deny the
15 remaining allegations.

### IV. PARTIES

17 4.  Defendants deny that plaintiff's "disabled adult son" was a lawful resident of
18 Archstone Willow Glen Apartments. Defendants admit that plaintiff resided at Archstone
19 Willow Glen Apartments, located at 3200 Rubino Drive, San Jose, California. Defendants are
20 without knowledge or information sufficient to form a belief as to the truth of the remaining
21 allegations paragraph 4 of the complaint, and therefore deny the same.
22 5.  Defendants admit that "Archstone Willow Glen Apartments" is the name of a
23 residential apartment complex located at 3200 Rubino Drive, San Jose, California. Defendants

further admit that plaintiff was a resident of Archstone Willow Glen Apartments pursuant to a written lease agreement. Defendants deny the remaining allegations of paragraph 5 of the complaint.

6. Defendants deny the allegations of paragraph 6 of the complaint. No entity entitled "Tishman Speyer Archstone-Smith" exists.

7. Defendants admit that Cathy Butcher was formerly the Community Manager of Archstone Willow Glen Apartments, and admit that in that official capacity, she acted within the scope and course of her employment. Defendants deny the remaining allegations of paragraph 7 of the complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, and therefore deny the same.

9. Defendants deny the allegations of paragraph 9 of the complaint.

## V. FACTS

10. Defendants admit that plaintiff became a resident of Archstone Willow Glen Apartments pursuant to a one year written lease agreement, and that she paid a discounted monthly rental amount of $1685 for an unfurnished apartment. Defendants deny the remaining allegations of paragraph 10 of the complaint.

11. Defendants deny the allegations of paragraph 11 of the complaint.

12. Defendants deny the allegations of paragraph 12 of the complaint.

13. Defendants deny the allegations of paragraph 13 of the complaint.

14. Defendants deny the allegations of paragraph 14 of the complaint.

## VI. INJURIES

1   15.  Defendants deny plaintiff suffered any injury as a result of any action by
2   defendants. Defendants are without knowledge or information sufficient to form a belief as to
3   the truth of any of the remaining allegations of paragraph 15 of the complaint, and therefore deny
4   the same.

5   16.  Defendants deny the allegations of paragraph 16 of the complaint.

6   17.  Defendants deny the allegations of paragraph 17 of the complaint.

7   18.  Defendants deny the allegations of paragraph 18 of the complaint.

8   19.  Defendants deny the allegations of paragraph 19 of the complaint.

9   20.  Defendants deny the allegations of paragraph 20 of the complaint.

## [VII.]  CLAIMS

**A.    FIRST CLAIM**

**[Fair Housing Amendments Act, 42 U.S.C. §§3601 *et seq.*]**

21.  Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-20 above.

22.  Defendants deny the allegations of paragraph 22 of the complaint, including that paragraph's subparts.

23.  Defendants deny the allegations of paragraph 23 of the complaint.

**B.    SECOND CLAIM**

**[California Fair Employment and Housing Act, Cal. Gov't. Code §§12955 *et seq.]***

24.  Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-23 above.

1   25.   Defendants deny the allegations of paragraph 25 of the complaint, including that paragraph's subparts.

2   26.   Defendants deny the allegations of paragraph 26 of the complaint.

**C.   THIRD CLAIM**

**[California Unruh Civil Rights Act, Cal. Gov't. Code §§51 *et seq.*]**

27.   Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-26 above.

28.   Defendants deny the allegations of paragraph 28 of the complaint.

29.   Defendants deny the allegations of paragraph 29 of the complaint.

30.   Defendants deny the allegations of paragraph 30 of the complaint.

**[D.]   FOURTH CLAIM**

**[California Civil Code §§54.1 *et seq.*]**

31.   Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-30 above.

32.   Defendants deny the allegations of paragraph 32 of the complaint, including that paragraph's subparts.

33.   Defendants deny the allegations of paragraph 33 of the complaint.

34.   Defendants deny the allegations of paragraph 34 of the complaint.

**E.   FIFTH CLAIM**

**[Negligence as to Defendants ARCHSTONE and TISHMAN]**

35.   Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-34 above.

36.   Defendants deny the allegations of paragraph 36 of the complaint.

1    37.    Defendants deny the allegations of paragraph 37 of the complaint.

2    38.    Defendants deny the allegations of paragraph 38 of the complaint.

3    **F.**    **SIXTH CLAIM**

4    **[Negligence as to Defendants ORKIN]**

5    39.    Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-38 above.

7    40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint and therefore deny the same.

9    41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the complaint and therefore deny the same.

11    42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the complaint and therefore deny the same.

13    **G.**    <u>**SEVENTH CLAIM**</u>

14    **[Fraud]**

15    43.    Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-42 above.

17    44.    Defendants deny the allegations of paragraph 44 of the complaint.

18    45.    Defendants deny the allegations of paragraph 45 of the complaint.

19    46.    Defendants deny the allegations of paragraph 46 of the complaint.

20    47.    Defendants deny the allegations of paragraph 47 of the complaint.

21    48.    Defendants deny the allegations of paragraph 48 of the complaint.

22    **H.**    **EIGHTH CLAIM**

23    **[Negligent Misrepresentation]**

24

49. Defendants by this reference incorporate their admissions, denials, and other responses in paragraph 1-48 above.

50. Defendants deny the allegations of paragraph 50 of the complaint.

51. Defendants deny the allegations of paragraph 51 of the complaint.

52. Defendants deny the allegations of paragraph 52 of the complaint.

53. Defendants deny the allegations of paragraph 53 of the complaint.

**I.   NINTH CLAIM**

**[Trespass]**

54. Defendants by this reference incorporate their admissions, denials, and other responses in paragraphs 1-53 above.

55. Defendants deny the allegations of paragraph 55 of the complaint.

56. Defendants deny the allegations of paragraph 56 of the complaint.

57. Defendants deny the allegations of paragraph 57 of the complaint.

58. Defendants deny any allegation of the complaint not previously admitted or denied.

**VIII.   RELIEF**

59. Defendants deny that plaintiff is entitled to any relief.

**FIRST AFFIRMATIVE DEFENSE**

60. Plaintiff has failed to state a claim for which relief may be granted against defendants.

**SECOND AFFIRMATIVE DEFENSE**

61. The summons accompanying plaintiff's service of this complaint upon defendants was insufficient and non-complying with Fed. R. Civ. Pro. Rule 4(a)(1).

### THIRD AFFIRMATIVE DEFENSE

62. Plaintiff has failed to join in this action parties who are subject to service of process and who, in their absence, the Court cannot accord complete relief among existing parties.

### FOURTH AFFIRMATIVE DEFENSE

63. Plaintiff's action is barred in whole or in part by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

64. On August 20, 2008, defendants' counsel notified plaintiff's counsel in writing of the discrepancies in plaintiff's factual contentions, and that the defendants named in the complaint were not properly named.

65. To date, plaintiff's counsel has made no effort to amend the complaint or respond to defendants' counsel.

66. Plaintiff's factual contentions have no evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Defendants are therefore entitled to relief pursuant to Fed. R. Civ. Pro. 11 for plaintiff's filing of this complaint.

### SIXTH AFFIRMATIVE DEFENSE

67. At all times relevant, defendants acted innocently, with due diligence and complete good faith, and in compliance with all applicable laws, including but not limited to, federal and state fair housing and civil rights laws.

68. Defendants have fully complied with all legal obligations regarding accommodation of people with disabilities.

### SEVENTH AFFIRMATIVE DEFENSE

69. Having suffered no injury in fact, plaintiff lacks standing to claim any relief in this action, including injunctive, declaratory, or monetary relief.

### RESERVATION OF RIGHT TO AMEND

70. Defendants have not had the opportunity to fully conduct formal discovery in this case and therefore reserve the right to amend this answer to allege additional affirmative defenses indicated by information that becomes available in the discovery process.

### ATTORNEY'S FEES

71. Defendants have been required to retain Theresa L. Kitay, Attorney at Law to represent them in this matter and should be awarded their attorney's fees in defense of this action pursuant to 42 U.S.C. §3613(c)(2), Cal. Civ. Code §55, and as otherwise permitted by law or order of this Court.

**WHEREFORE,** Defendants ARCHSTONE WILLOW GLEN APARTMENTS, TISHMAN SPEYER ARCHSTONE-SMITH, and CATHY BUTCHER pray that plaintiff take nothing by reason of her complaint, and for such other relief as the Court may deem just and proper.

Dated:  August 27, 2008                                                            *s/ Theresa L. Kitay*

Theresa L. Kitay
Attorney for Defendants ARCHSTONE
WILLOW GLEN APARTMENTS,
TISHMAN SPEYER ARCHSTONE-
SMITH, and CATHY BUTCHER

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on August 27, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Rufus L. Cole
>Cole & Fasano
>720 Market Street, 10th Floor
>San Francisco, CA  94102-2500

*s/ Theresa L. Kitay*
Theresa L. Kitay
Attorney at Law