**\*E-Filed 07/10/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA PRATT,<br><br>     Plaintiff,<br><br>   v.<br><br>ARCHSTONE WILLOW GLEN APARTMENTS, et al.,<br><br>     Defendants._____/ | NO. C 08-3588 JF (RS)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO COMPLETE DEPOSITION** |

  Plaintiff Donna Pratt alleges that defendant Orkin Exterminating Co., Inc.'s ("Orkin") July 2006 chemical treatment of her apartment for ants caused her physical pain, memory loss, weakness, tingling skin, and emotional distress.  Pratt also claims that defendants Archstone Willow Glen Apartments, Tishman Speyer Archstone-Smith, and Cathy Butcher (collectively "Archstone") discriminated against her because she suffers from lupus.  Orkin seeks to depose Pratt regarding her interaction with Orkin personnel, her medical history, future treatment expectations, and work activities.  Archstone proposes to focus its questioning on the circumstances surrounding the execution of Pratt's residential lease and her claims of housing disability discrimination and failure to accommodate.  Contending that these areas of examination are far too extensive for the presumptive seven hour deposition limitation in the federal rules, defendants seek in advance to add a second day to Pratt's noticed deposition.  Defendants bolster that request by noting that counsel for Archstone must travel from Southern California while counsel for Orkin needs to travel from her

1

home in Lake Tahoe (although her office is located in the city where the deposition is noticed to occur). Pratt opposes the motion on grounds that it is premature and unsupported by good cause. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that a deposition is limited to one seven hour day unless additional time is needed for a fair examination of the deponent. A party seeking a court order to extend the examination must show "good cause" to justify such an order. *Boston Scientific v. Cordis Corp.*, No. 5:02-CV-1474 JW (RS), 2004 WL 1945643, at *2 (N.D. Cal. Sept. 1, 2004). Considerations relevant to granting an extension include events occurring over a long period of time, the need fully to explore the theories upon which the witness relies, or, in multi-party cases, the need for each party to examine the witness with the understanding that duplicitive questioning is to be avoided. *See Saunders v. Knight*, No. CV F 04-5924 AWI LJO, 2007 WL 38000, at *3 (E.D. Cal. Jan 4, 2007).

While there are indeed two separate defendants in the action and some travel time may be involved for one or more counsel, defendants have not shown good cause to justify a second seven hour deposition at this time on these facts alone. Granted, many years of medical records, as well as separate claims are involved in the action, but defendants fail to show why this examination requires fourteen hours or why every effort should not be made to complete the deposition in the standard time allotted. Defendants should complete their first seven hour deposition before seeking leave for additional time. *See Malec v. Trs. of Boston Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002). Defendants' motion to extend the time to complete Pratt's deposition, therefore, is denied.

IT IS SO ORDERED.

Dated:     07/10/09

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION FOR EXTENSION OF TIME TO COMPLETE DEPOSITION
C 08-3588 JF (RS)                                2