*E-Filed 8/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA PRATT, | No. 5:08-CV-03588 JF (RS) |
| Plaintiff, | |
| v. | **ORDER DENYING APPLICATION TO SHORTEN TIME** |
| ARCHSTONE WILLOW GLEN APARTMENTS; TISHMAN SPEYER ARCHSTON-SMITH; CATHY BUTCHER; ORKIN PEST CONTROL; and ORKIN EXTERMINATING COMPANY, INC., | |
| Defendants. | |

THIS MATTER is before the Court on an application to shorten time filed by plaintiff Donna Pratt on August 13, 2009. The motion requests the Court to expedite the hearing and decision on plaintiff's contemporaneously-filed motion to compel production of documents and motion for sanctions in the form of attorney's fees.

Federal Rule of Civil Procedure 6 provides that parties are entitled to shortened deadlines only "for good cause." Fed. R. Civ. P. 6(c)(1)(C); *see also United States v. Alter*, 482 F.2d 1016, 1023 (9th Cir. 1973) (noting that, in both the civil and criminal context, the determination of motions to shorten time "is committed to the sound discretion of the district court. . . . [What is a] reasonable time will vary according to the circumstances of each case."). Here, plaintiff's sole argument in support of the instant application is the desire to be in possession of the disputed

documents in advance of the impending deposition of Keith Meyer from the Santa Clara County of Agriculture. Accordingly, plaintiff requests that the Court order defendants to file their opposition by Friday, August 14, that the Court hear the motion on Monday, August 17, 2009, and that defendants then produce the disputed documents with enough time to enable plaintiff to review them before the Meyer deposition, which is currently scheduled for Wednesday, August 19, 2009.

Plaintiff, however, makes no showing as to why Mr. Meyer's deposition is time-sensitive and cannot be rescheduled following a resolution of this matter under the standard schedule. Moreover, the Court's review of the docket indicates that the presiding judge scheduled non-expert discovery to close on November 30, 2009, and expert discovery to close on March 5, 2010.[1] Thus, the relevant discovery deadlines are hardly pressing. As there is no apparent reason why this dispute constitutes a true emergency, plaintiff's application to shorten time will be denied.

Plaintiff's motions to compel and for sanctions remain pending before the Court. Plaintiff should either withdraw these motions or re-notice them for hearing in due course, in accordance with the time limits set forth in Civil Local Rules 7-2 and 7-3.

IT IS SO ORDERED.

Dated:      8/13/09

RICHARD SEEBORG
United States Magistrate Judge

---

[1] Plaintiff has not indicated whether Mr. Meyer is a percipient witness or a putative expert witness.

2